# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Johnny Dunny,

      Plaintiff

v.

Core Civic, et al.,

      Defendants

Case No.: 2:20-cv-01252-JAD-VCF

**Order Screening and Dismissing Complaint with Limited Leave to Amend by November 24, 2021**

Federal inmate Johnny Dunny brings this civil-rights action, claiming that his Eighth Amendment rights were violated by the COVID-19 policies and procedures in place during his federal detention at Core Civic's Nevada Southern Detention Center (NSDC).  Because Dunny applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A.  Although the complaint states that this is a 42 U.S.C. § 1983 action, that statute only works for claims against state actors, which these defendants are not.  So, I liberally construe this action as one under § 1983's federal corollary—the case of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*.[2]  Upon doing so, I find that he has not pled a colorable claim, so I dismiss without leave to amend his claims against Core Civic, Koehn, Laurer, and the John Doe defendants, as amendment would be futile.  And I dismiss Dunny's claims against Jefferson with leave to file an amended complaint by November 24, 2021, if he can cure the defects that I identify in this order.

---

[1] ECF No. 6.

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

**Background**

Dunny, who was a federal pre-trial detainee, was housed at a private facility, NSDC, which is allegedly operated by Core Civic under contract with the United States Marshal Service and Department of Justice.[3]  Dunny sues Core Civic, Koehn (who is employed as Core Civic's warden at NSDC), Laurer (who is employed as Core Civic's deputy warden at NSDC), Jefferson (who is employed as a United States Marshal), and "John Does."[4]  Dunny alleges that his Eighth Amendment rights were violated and seeks damages.[5]

**Discussion**

**I.      Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of one.[6]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious.[7]  The court must also dismiss those that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief.  All or part of the complaint may be dismissed sua sponte if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest that

---

[3] ECF No. 1-1 at 1–2.

[4] *Id.*

[5] *Id.* at 2.

[6] *See* 28 U.S.C. § 1915A(a).

[7] *See* 28 U.S.C. § 1915A(b)(1)(2).

2

clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[8]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[9]  In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[10]  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers,[11] but a plaintiff must provide more than mere labels and conclusions.[12]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[13]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14]

## II.    Analysis of claims

### A.    Claims against John Does

Dunny lists "John Does" as defendants and alleges that they are staff members.[15]  But a complaint cannot be served on an unnamed person, and a lawsuit cannot proceed against a person unless that person has been served.  The use of "Doe" pleading to identify unnamed

[8] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[9] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[10] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[11] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[14] *Id*.

[15] ECF No. 1-1 at 2.

defendants is disfavored.[16]  I recognize that situations exist in which "the identity of alleged defendants will not be known prior to the filing of a complaint."[17]  But to the extent possible, a plaintiff must try to identify the names of each defendant and identify them separately by description or number.  It is insufficient to allege Doe defendants as a group because the court must be able to discern which specific unnamed person allegedly violated a plaintiff's rights in a particular claim.  Here, Dunny has neither separately identified any individual John Doe defendant nor stated a colorable claim against him or her.  And to the extent that Dunny asserts claims against John Does who are Core Civic employees at NSDC for deliberate indifference to unsafe conditions or deliberate indifference to serious medical needs, he may not pursue such *Bivens* claims, so I dismiss them with prejudice.

### B.      Claims against Core Civic

Dunny alleges that Core Civic has a contract with the United States Marshal Service and the Department of Justice to house federal inmates at its detention center, NSDC.[18]  As a private entity, Core Civic may not be held liable in a *Bivens* action.[19]  I therefore dismiss with prejudice all claims against Core Civic because amendment would be futile.

### C.      Claims against Core Civic employees

Dunny alleges facts that could show that the Core Civic employees created unsafe conditions of confinement for him at NSDC, including exposing him to an increased risk of

---

[16] *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

[17] *Id.*

[18] ECF No. 1-1 at 1.  Dunny also alleges that Core Civic is "employed as a detention center for the United States Marshal Service."  *Id.*  To the extent he attempts to sue the detention center itself, he cannot do so because it is a building.

[19] *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).

being infected with COVID-19.[20]  In addition, Dunny alleges that some of the people in his section at NSDC felt sick and had symptoms of COVID-19 but were denied medical care by Core Civic employees (though it is unclear whether he is alleging that he was among those). Dunny alleges that the Deputy Warden and head of Medical at NSDC said that the people who were sick in the unit did not qualify for medical treatment because they did not have fevers.[21] Thus, Dunny's complaint appears to allege constitutional claims against Core Civic employees for unsafe conditions of confinement and possibly also for denial of medical care.

In *Bivens*, the United States Supreme Court held that, even absent statutory authorization, it would enforce a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures.  The High Court later expanded *Bivens* damages claims in specific gender-discrimination and inadequate-medical-treatment scenarios involving defendants who were federal employees.[22]  Then in *Ziglar v. Abbasi*, the Court significantly limited the availability of *Bivens* actions, cautioning lower courts not to expand *Bivens* remedies outside those specific three scenarios very specific contexts without special circumstances.[23]

---

[20] ECF No. 1-1 at 3–8.

[21] *Id.* at 7.

[22] *See Davis v. Passman*, 442 U.S. 228, 248–49 (1979) (permitting a damages remedy for gender discrimination under the Fifth Amendment Due Process Clause); *Carlson v. Green*, 446 U.S. 14, 19 (1980) (allowing a damages remedy for an Eighth Amendment violation for failure to provide adequate medical treatment); *see also Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) ("A *Bivens* claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized.").

[23] *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55, 1857–61 (2017) (explaining that a context is new if the case differs in any meaningful way from the three previous *Bivens* cases); *Minneci v. Pollard*, 565 U.S. 118, 126 (2012) (recognizing that defendant's status as private employee is a new context).

When a *Bivens* action is brought in a context different from the three recognized scenarios, as is the situation in this plaintiff's case, the availability of alternative remedies will generally preclude the *Bivens* claim.[24]  The alternative remedies and a potential *Bivens* remedy "need not be perfectly congruent."[25]  *Bivens* does not extend to new situations if there is an alternative remedial structure like tort law, injunction actions, or remedial mechanisms established by the BOP for review of a federal prisoner's conditions-of-confinement issues.[26]  This is true even if that alternative remedy is less generous than one available under *Bivens*[27] or the plaintiff's claims for those remedies may ultimately fail.[28]  Dunny's claims do not fall into one of the three categories for which *Bivens* claims are authorized, both because the claims raise issues about deliberate indifference to unsafe conditions and because they target employees of a privately operated prison.  So I must consider whether *Bivens* remedies should be extended to this situation.

---

[24] *Ziglar*, 137 S. Ct. at 1858, 1864–65; *Vega v. United States*, 881 F.3d 1146, 1153–55 (9th Cir. 2018) (declining to extend *Bivens* to Fifth Amendment due-process claim).

[25] *Minneci v. Pollard*, 565 U.S. 118, 129 (2012); *see also Vega*, 881 F.3d at 1155 (recognizing that the alternative remedial structure and the potential *Bivens* remedy need not be identical, and "any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from a new and freestanding remedy in damages").

[26] *See Minneci,* 565 U.S. at 131 (holding that *Bivens* claim may not be brought against employees working at a privately operated federal prison where the allegedly wrongful conduct is of a kind that typically falls within the scope of traditional state tort law); *Malesko*, 534 U.S. at 74 (declining to apply *Bivens* where inmate in privately operated prison had full access to the remedial mechanisms established by the BOP, including suits in federal court for injunctive relief and grievances filed through the BOP's Administrative Remedy Program as set forth in 28 C.F.R. 542.10); *Vega*, 881 F.3d at 1148 (holding that *Bivens* did not apply to Fifth Amendment due-process claim because plaintiff had alternative means for relief against private entity's employees through 28 C.F.R. 542.10).

[27] *Minneci*, 565 U.S. at 129.

[28] *Vega*, 881 F.3d at 1155.

### 1.    *Conditions-of-confinement claims*

Because Dunny has had access to alternative remedial structures for his conditions-of-confinement claims against the Core Civic employees, this is not a case for a *Bivens* expansion. Dunny could have brought claims for injunctive relief to address allegedly unconstitutional unsafe conditions, but he chose not to do so. For example, one of Dunny's greatest concerns appeared to be transfers of other inmates to NSDC over the course of months, and he could have brought a claim seeking an injunction to stop such transfers. Furthermore, Dunny could have brought a Nevada state tort law action, for claims like negligence.[29] So it would not be appropriate under current law to extend *Bivens* in this context, and I dismiss the *Bivens* claims against the Core Civic employees for allegedly unconstitutional conditions of confinement. Because it is clear that Dunny cannot cure these defects in the *Bivens* claims against the Core Civic employees, I dismiss them with prejudice and without leave to amend.

### 2.    *Deliberate-indifference claims*

To the extent that Dunny brings constitutional claims for deliberate indifference to serious medical needs against the Core Civic employees based on a failure to provide medical care for him when he was sick, I also dismiss those. Such a claim represents a new context for the application of *Bivens*. The Supreme Court has held that if a federal prisoner seeks damages from defendants who are employed by an entity privately operating a federal prison, where "that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law" and the court cannot imply a *Bivens* remedy.[30]

---

[29] *See, e.g.*, *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008) (outlining elements of negligence claims under Nevada law).

[30] *Minneci*, 565 U.S. at 131.

So Dunny may not pursue his claims for deliberate indifference to serious medical needs against the Core Civic employees.  I therefore dismiss the claims against the Core Civic employees for deliberate indifference to serious medical needs.  Because it is clear that Dunny cannot cure these *Bivens* claims against the Core Civic employees, I dismiss them without leave to amend.

### D.    Claims against Jefferson

Dunny alleges that Jefferson is a U.S. Marshal and is therefore an employee of the federal government, not of a private entity, and claims that Jefferson "is in charge over the care of federal inmates housed within NSDC."[31]  Whether *Bivens* would authorize a claim for this scenario remains to be seen.  But before I even reach that question, I must dismiss Dunny's claims against Jefferson because he has not pled any factual allegations against Jefferson to state any constitutional-violation theory against him.

To be liable under *Bivens*, the particular defendant himself must personally have violated the plaintiff's constitutional rights.[32]  Thus, alleging that a defendant held a particular position or that the defendant's subordinate, co-workers, or some other person associated with the defendant violated the plaintiff's civil rights is insufficient to state a colorable claim against the defendant.[33]  So Dunny's allegation that Jefferson is a U.S. Marshal assigned to NSDC is not and cannot be sufficient to state a colorable *Bivens* claim against Jefferson, even if Dunny stated colorable claims against others.  Dunny cannot hold Jefferson liable merely because of his

---

[31] ECF No. 1-1 at 2.

[32] *Ziglar*, 137 S. Ct. at 1860 (holding that "*Bivens* is not designed to hold officers responsible for acts of their subordinates").

[33] *Iqbal*, 556 U.S. at 676 (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

position or because others might have violated his constitutional rights.  I therefore dismiss the claims against Jefferson, but I grant Dunny leave to amend.

I note that pretrial detainees are not protected by the Eighth Amendment's proscription against cruel and unusual punishment[34]; they are instead protected by the Due Process Clause.[35] The Supreme Court has held that under that clause, "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."[36]  But a pretrial detainee may be subjected to "restrictions and conditions . . . so long as those conditions and restrictions do not amount to punishment, or otherwise violate the constitution."[37]  Because Dunny alleges a violation of his rights by a federal official, any claim against Jefferson arises under the Due Process Clause of the Fifth Amendment.  So I construe the complaint as alleging Fifth Amendment due-process claims against Jefferson.

Although it is not clear that Dunny can state a colorable Fifth Amendment claim against Jefferson and that such a claim would be cognizable under *Bivens* and its progeny, I cannot yet determine that it is impossible for Dunny to allege facts that would be sufficient to state such a claim.  So I dismiss any claims against Jefferson without prejudice and with leave to amend.  If Dunny amends any claim against Jefferson, he must allege facts sufficient to show that *Bivens* extends to that claim against Jefferson, and he must otherwise allege facts sufficient to state a colorable Fifth Amendment claim against Jefferson.

---

[34] *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989).

[35] *United States v. Salerno*, 481 U.S. 739, 746–47 (1987).

[36] *Bell*, 441 U.S. at 536.

[37] *Id.* at 537–38.

To assist Dunny in determining whether he can state a colorable Fifth Amendment claim and what kinds of true facts he must allege to state one against Jefferson, I provide Dunny with applicable Fifth Amendment law.  If Dunny chooses to file an amended complaint, he should not cite to or discuss the law or make conclusory allegations based on the law.  Rather, he should allege true facts sufficient to state a colorable claim based on this law.  Because it is not clear which Fifth Amendment theory, if any, Dunny seeks to apply to Jefferson, I provide Dunny with law about unsafe conditions of confinement and also about deliberate indifference to serious medical needs.

### 1.    Detainee's conditions of confinement

A pretrial detainee states a conditions-of-confinement claim against an official if he alleges facts that would be sufficient to show: (1) that the defendant made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (2) those conditions put the pretrial detainee at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the pretrial detainee's injuries.[38]  As to the third element, the defendant's conduct must be objectively unreasonable, which is a determination that turns on the facts and circumstances of each particular case.[39]

Furthermore, to state a *Bivens* claim against a defendant, a plaintiff must plead that the government-official defendant, through the official's own individual actions, has violated the

---

[38] *Castro v. Cty. Of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).  *See also Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018).

[39] *Castro*, 833 F.3d at 1071.

Constitution.[40]  Therefore, if Dunny seeks to amend his complaint to bring a conditions-of-confinement claim against Jefferson, he must allege true facts sufficient to show that Jefferson himself violated Dunny's due-process rights.  Conclusory allegations or those showing that Core Civic employees violated Dunny's due-process rights will be insufficient to state a colorable claim against Jefferson.  Further, allegations that Jefferson was the U.S. Marshal assigned to NSDC and that Dunny's constitutional rights were violated at NSDC will be insufficient to state a colorable claim against Jefferson.

### 2.     Detainee's serious medical needs

The relevant due-process law regarding treatment for serious medical needs is similar to that for conditions of confinement.  A pretrial detainee's due-process claim for denial of medical care is analyzed under an objective, deliberate-indifference standard.[41]  The elements of such a claim are: "(i) that the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."[42]

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular

[40] *Iqbal*, 556 U.S. at 676.

[41] *Gordon*, 888 F.3d at 1124–25.

[42] *Id.* at 1125.

11

case.'"[43] A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard."[44] The mere lack of due care is insufficient.[45]

Furthermore, the plaintiff must plead that the government-official defendant, through the official's own individual actions, has violated the Constitution.[46] Therefore, if Dunny seeks to amend the complaint to bring a claim for deliberate indifference to serious medical needs claim against Jefferson, he must allege true facts sufficient to show that Jefferson himself violated Dunny's due-process rights. Conclusory allegations or those showing that Core Civic employees violated Dunny's due process rights will be insufficient to state a colorable claim against Jefferson. Furthermore, allegations that Jefferson was the U.S. Marshal assigned to NSDC and that Dunny's constitutional rights were violated at NSDC will not be sufficient to state a colorable claim against Jefferson.

### E. Leave to amend

I dismiss the *Bivens* claims against Core Civic, the Core Civic employees, and the John Does without leave to amend, so Dunny may not pursue them in this action. But I dismiss any *Bivens* claim against Jefferson without prejudice and with leave to amend. Dunny should file an amended complaint only if he believes that he can state a colorable *Bivens* claim. If Dunny chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself. He must allege true facts sufficient to show that Jefferson himself violated his Fifth Amendment rights and that *Bivens* extends to the claim.

---

[43] *Id.* (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

[44] *Id.*

[45] *Id.*

[46] *Iqbal*, 556 U.S. at 676.

If Dunny chooses to file an amended complaint, he must comply with Rule 8 of the Federal Rules of Civil Procedure.  Under Rule 8(a), a complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief.[47]  Rule 8(e) requires that "[e]ach averment of a pleading shall be simple, concise and direct."[48]  A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rules 8(a) and 8(e).[49]  If the factual elements of a cause of action are not organized into a short and plain statement of the particular claim, dismissal for failure to satisfy Rule 8 is proper.[50]  Dunny is advised that, in accordance with Rule 8, a plaintiff may not allege facts that are extraneous and not part of the factual basis for the particular constitutional claims he includes in the complaint.[51]  Dunny must file the amended complaint by November 24, 2021.  An amended complaint cannot include unrelated claims against different defendants.

**III.      Motion for appointment of counsel and class certification**

Like many prisoners who file civil-rights claims, Dunny asks the court to find and appoint him a free lawyer.[52]  A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights claims.[53]  The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person

---

[47] Fed. R. Civ. P. 8(a).

[48] Fed. R. Civ. P. 8(e).

[49] *McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 673 (9th Cir. 1981).

[50] *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 640 (9th Cir. 1988).  *See also Nevijel,* 651 F.2d at 674.

[51] *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (recognizing that Rule 8 can be violated when the plaintiff says too much).

[52] ECF No. 1-2.

[53] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."[54] "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."[55] "Neither of these considerations is dispositive and instead must be viewed together."[56] I do not find exceptional circumstances here. Dunny has not stated a colorable claim, and there is no longer a pending complaint. So he has not shown a likelihood of success. Therefore, I deny his motion for appointment of counsel.

I also deny Dunny's motion for class certification. Although pro se litigants like Dunny have the right to plead and conduct their own cases personally,[57] non-lawyers can represent no one but themselves.[58] Dunny may therefore not act as an attorney or in any other representative capacity for anyone else by filing pleadings and otherwise litigating on behalf of the class, so his motion must be denied.[59] The fact that his complaint has been dismissed, leaving no currently viable claims, is yet one more reason why class certification is unwarranted.[60]

---

[54] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).

[55] *Id.*

[56] *Id.*

[57] *See* 28 U.S.C. § 1654.

[58] *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

[59] *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) (recognizing the pro se prisoner could not bring class action on behalf of others); *Welch v. Terhune*, 11 F. App'x 747, 747 (9th Cir. 2001) (unpublished) (holding that pro se plaintiff could not prosecute his action as a class action).

[60] I defer decision on the application to proceed in forma pauperis until after Dunny has amended to plead a viable claim. ECF No. 6.

**Conclusion**

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that:

- The claims against Core Civic, Koehn, Laurer, and John Does are DISMISSED without leave to amend, as amendment would be futile. Dunny may not pursue his *Bivens* claims against these defendants;

- The claims against Jefferson are DISMISSED with leave to amend by November 24, 2021;

IT IS FURTHER ORDERED that the motion for appointment of counsel and class certification **[ECF No. 1-2] are DENIED**.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a prisoner civil rights complaint, instructions for the same, and a copy of his original complaint. If plaintiff chooses to file an amended complaint to state a colorable claim against Jefferson, he should use the approved form and he shall write the words "First-Amended" above the words "Civil Rights Complaint" in the caption and should cross out the words "42 U.S.C. 1983" and put the word "*Bivens*." **If plaintiff does not file an amended complaint by November 24, 2021, this action will be dismissed with prejudice for failure to state a claim.**

Dated: October 25, 2021

_____
U.S. District Judge Jennifer A. Dorsey